# ADAM NUSBAUM *vs.* JOHN P. THOMPSON'S Executors.

The defendant's *own declarations* in relation to the subject in controversy, not made in the presence of the plaintiff, nor at the time the act was done, so as to constitute part of the *res gestæ,* are not *admissible* in evidence in his *own favor.*

APPEAL from the Circuit Court for Howard County.

*Assumpsit* brought by the appellees' testator against the appellant, as maker of a promissory note for $2000, dated the 1st of May 1848, and payable on or before the 1st of April 1850, with interest from date, to John Myers or order, and endorsed and delivered to the plaintiff.   Plea *non-assumpsit.*

*Exception.* The plaintiff offered in evidence the note sued on, the handwriting of the maker, and the assignment thereof to the plaintiff being admitted.   On this note there was a credit dated "*April 5th,* 1849, of $120, being one year's interest on the same, up to May 1st, 1849, and another credit dated April 6th, 1850: "By cash on within note $1200."

The defendant then offered in evidence another note drawn by him, of the *same date,* and payable on or before the 1st of

May 1849, also endorsed and delivered to the plaintiff, on which was a credit dated "*April 5th*, 1849, of $120, being one year's interest on the same," up to May 1st, 1849, and another credit of the *same date*, of $1121, on the principal. He also offered a receipt for $421.66, in full of this note, *dated April 6th*, 1850, and also the following receipts.

"*Frederick, April 25th*, 1849. Received of Mr. Adam Nusbaum, one thousand and sixty-one dollars, in part payment of principal and interest on two bonds, of $2000, assigned to me by Mr. John Myers.

$1061.                (Signed)—JOHN P. THOMPSON."

"*Frederick, March 13th*, 1850. Received of Mr. Adam Nusbaum, five hundred dollars, on account of his note transferred to me by Mr. John Myers, and payable on the 1st of May 1849.                (Signed)—JOHN P. THOMPSON."

The plaintiff then offered in evidence the same receipt of the 25th of April 1849, and the following receipt:

"*Frederick, April 19th*, 1849. Received of Mr Adam Nusbaum, three hundred dollars, in part payment of principal and interest on two bonds, of $2000 each, assigned to me by Mr. John Myers.—$300.        (Signed)—JOHN P. THOMPSON."

On the back of this last receipt was this endorsement,

"paid $1361, April 5th.
    Int.    240,    "    1849.

$1121."

The plaintiffs then proved by Dr. Lloyd Dorsey, that the plaintiff's testator, John P. Thompson, was sick and confined to his room but not to his bed, on the 25th of April 1849, with a severe disease of the bladder, which affected his mind, and resulted in an attack of paralysis within a day or two thereafter, and then further proved by Rockwell, as stated in the opinion of this court.

The defendant then to maintain the issue on his part, offered to prove by the witness as also stated in the opinion of this court. But the plaintiffs objected to the admissibility of this testimony, which objection the court, BREWER J., sustained, and refused to allow it to go to the jury. To this ruling the defendant excepted.

The case was tried on the 26th of March 1856, and the jury rendered a verdict in favor of the plaintiffs, for $1194.99. The defendant then moved for a new trial; 1st, because the verdict was contrary to the evidence; 2nd, because the verdict was contrary to law; and 3rd, because the sheriff did not at the commencement of the term, take the oath required by the act of 1838, ch. 275. But the court overruled this motion, and upon the verdict gave judgment for the plaintiffs, from which the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*Oliver Miller* and *William H. G. Dorsey* for the appellant:

"All questions of evidence must be considered with reference to the particular circumstances under which it is offered." *5 Barn. & Ald.*, 224, *Human vs. Pettett.* This suit was upon a note, which the appellant insists had been paid nearly or quite in full, and as evidence of payment he offered a receipt for $1061, dated the 25th of April 1849. The plaintiffs attempted to show, that this receipt was a *forgery*, or in other words, that the date had been changed from the 5th to the 25th, and instead of being a separate payment as of the 25th, it was the *same payments* which were credited on the notes as of the 25th of April, and in order to make this out, they say the credits on the two notes as of the 25th of April, viz., $120, interest on each, making $240, and $1121, principal, making in all $1361, are represented by the two receipts, one (being the one in controversy) for $1061, and the other for $300, dated the 19th of April. According to their own showing, therefore, conceding the $1061 to have been paid on the 5th, the $300 was *credited on the note fourteen days before it was paid.* The defendant, on the other hand insists, that this is a *separate payment* as of the 25th, and entirely *distinct* from the credits on the notes as of the 5th. In order to establish their theory of a *forgery*, they proved by Rockwell, that on the 1st of April 1850, when he made the calculation for the defendant, he, the defendant, "did not say

any thing about a receipt from Thompson to him, being or *having been lost*, or being *mislaid*." The presumption arising from this testimony, the defendant proposed to *rebut*, by the declarations which he had made, long prior to the 1st of April 1850, to the witness Unkefer. In other words, he wished to show *why it was* that he was *silent* upon that occasion, and to *rebut* the inference arising from his apparent *acquiescence*, that no such receipt had ever been given. This, it is submitted, it was competent for him to do by the proposed testimony, without trenching upon the general rule, that a party's own declarations cannot be given in evidence in his own favor. See 1 *Md. Rep.*, 14, *Milburn vs. The State.* 7 *Gill*, 1, *Garner vs. Smith.* 1 *Greenlf. on Ev.*, sec. 197, *note 5.* 5 *Littell*, 5, 6, *Thompson vs. Stewart.* 8 *Gill*, 239, *Alexander vs. Walter.* 3 *G. & J.*, 188, *Kolb vs. Whitely.* The credits on the notes and the receipts, clearly show that the defendant was correct in his view, and by no calculation of interest upon these notes, and crediting the payments conceded on both sides to have been made, can the verdict be verified.

*Joseph M. Palmer* for the appellees:

It is an unbending rule of evidence, that a party to a suit cannot offer in evidence his own declarations, in relation to the subject in controversy. 1 *Gill*, 140, *Whiteford vs. Burckmyer & Adams.* 7 *Cowen*, 459, *LaFarge vs. Kneeland.* 5 *Conn.*, 335, *Robbins vs. Harvey.* 13 *Johns.*, 350, *Penfield vs. Carpender.* 2 *Cowen*, 436, *Tuttle vs. Hunt.* The writers on the law of evidence, have not thought it necessary as a general rule, to state that the admissions or declarations of a party shall not be received as evidence in his favor; as a general rule it is too plain to be mentioned. *Archbold on Civil Pleading*, 362, says: "The only instances in which a party's declarations are received in evidence for him or those claiming under him, are first, where they accompany an act done, in which case being part of the *res gestœ*, they may be received in evidence for the purpose of explaining the act, and secondly in questions of pedigree." See also 3 *Phillip's Ev.*, 337, *note* 213. And the only question presented by the exception

in this case, is whether the *declarations* of the defendant are admissible in his *own favor*.

ECCLESTON, J., delivered the opinion of this court.

This suit was instituted by John P. Thompson against Adam Nusbaum, (the appellant,) upon a promissory note dated the 1st day of May 1848, for $2000, payable the 1st day of April 1850, given by Nusbaum to John Myers, and endorsed or transferred by him to Thompson. Subsequent to the institution of the suit, Thompson's death was suggested, and his executors James G. Hamner and Mary L. Thompson, were made parties.

It appears from the evidence, that besides the note in dispute, a promissory note dated the same day, for $2000, payable on the 1st of May 1850, was given by Nusbaum to John Myers, and endorsed or transferred by him to Thompson.

The chief matter in controversy, at the trial, was, whether the defendant could rightfully claim as a credit upon the note in suit, a receipt for $1061, purporting to bear date the 25th of April 1849.

According to the testimony of E. H. Rockwell, the defendant called on him, about the 1st of April 1850, to make a calculation, from *data* then furnished by the defendant, for the purpose of ascertaining the balance due by him to Thompson upon the note *then due*. The witness thinks the defendant produced to him receipts of $1061, $300 and $500. The one for $1061, he thinks was dated the 5th of April 1849, and not according to its present date, the 25th of April. His opinion is, that the figure 2 before the figure 5 in the receipt, was evidently put in after the 5 was made. He calculated the payment of $1061, as of the 5th of April 1849. He thinks the defendant told him to make a calculation to the 6th of April 1850. The balance due on the calculation so made by the witness was over $400. In December 1850, he made a calculation for Thompson, on the same note from *data* furnished by him, and the balance amounted to $421.66. The witness supposes, that the *data* furnished him by the defendant, were identical with those furnished afterwards by plaintiff's testator,

71    v. 11.

Thompson. This the witness supposes, from the fact that the result of the calculation made by him for the plaintiff's testator, in December 1850, corresponded with the amount ($421.66,) "which the plaintiff's testator had endorsed as received on said note, due in May 1849, on the 6th of April 1850." The witness recollects distinctly, that the receipt for $300, was produced by defendant; but does not distinctly recollect any others. "Does not recollect from seeing *data* furnished by plaintiffs' testator to witness, in December 1850, what receipts or *data* were furnished to him by defendant, in April 1850. Only judges from concurrence of amount ascertained by witness on calculation for plaintiffs' testator, in December 1850, with that endorsed on said note by plaintiffs' testator, on the 6th April 1850, that the *data* furnished to witness by defendant, in April 1850, and by plaintiffs' testator, in December 1850, were the same."

Some time after the calculation was made for the defendant, he called on the witness and asked him to look for it. The witness having looked and not being able to find it, the defendant told him "it was not material, he did not care whether he could find it or not."

This witness says, "the paper on which I made calculation as before stated for defendant, is lost. That when said calculation was made for defendant, defendant did not say anything about a receipt from plaintiffs' testator to defendant, being or having been lost, or being mislaid."

The defendant, in support of the issue on his part, offered to prove by Dr. Abdiel Unkefer, "that long before the 1st of April 1850, the defendant had complained, that he had lost or mislaid the said receipt of $1061, and that the plaintiffs' testator had, on being informed by defendant of the loss by him of said receipt, denied that he had given any such receipt, and that defendant had complained that he would be compelled to pay over again said amount of money, in consequence of said loss, and that afterwards, in the latter part of the summer of 1850, the defendant testified great joy, that he had recovered said receipt, which had been mislaid and as he supposed lost." To the admissibility of this offered evidence the plaintiffs ob-

jected, and the court sustained the objection; to which decision the defendant excepted.

Thus it will be seen, that the sole question presented by the bill of exceptions is, whether the court erroneously refused to admit the offered evidence, consisting, exclusively of the defendant's declarations.

In *Whiteford vs. Burckmyer & Adams*, 1 *Gill*, 140, the court say: "It is an unbending rule of evidence, subject to very few and well defined exceptions, that a party cannot offer in evidence his own declarations in relation to the subject in controversy." And, in our opinion, none of the "well defined exceptions" alluded to, will sanction the admission of the declarations which have been offered. They were not made in the presence of the plaintiffs, or of their testator, nor were they made at the time of any act being done, in relation to the matters in controversy, and explanatory thereof, so that the declarations might be considered as coming within the rule in regard to *res gestæ*.

Whether the verdict is in accordance with the proof, is not a subject presented by the record for our consideration; and we have only stated so much of the evidence, as will show the nature of the question raised by the exception. The whole testimony given was submitted to the jury, and they have rendered their verdict upon it. The defendant made a motion for a new trial, and the court overruled the motion.

*Judgment affirmed.*